1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREGORY DAVID WERBER,

                              Petitioner,

          v.

RESIDENTIAL REENTRY MANAGER,
Residential Reentry Management, Seattle
Field Office, Federal Bureau of Prisons,

                              Respondent.

CASE NO. 2:22-cv-01066-TL

ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge S. Kate Vaughan (Dkt. No. 24) and Petitioner's Objections to the Report and Recommendation (Dkt. No. 25). Having reviewed the Report and Recommendation, Mr. Werber's objections, and the remaining record, the Court ADOPTS the Report and Recommendation and OVERRULES the objections.

//

//

## I.   FACTUAL BACKGROUND

Mr. Werber's petition challenges the computation of his sentence under the First Step Act of 2018, 18 U.S.C. § 3632(d)(4) ("FSA"). The Court will not repeat the history of the First Step Act or the Bureau of Prisons ("BOP") grievance procedure which are detailed in the Report and Recommendation. Dkt. No. 24 at 3–6.

BOP records show that Mr. Werber has previously filed administrative grievances. Dkt. No. 14-1 at 3. Between July and September 2021, Mr. Werber filed a number of grievances or appeals related to sentence computations in which he claimed he was entitled to time credit on a sentence. *Id.* at 5–7, 9, 11–14. For example, on August 30, 2021, Mr. Werber filed a Request for Administrative Remedy asserting

> Procedure: Because I did "not receive a response within the time allotted" to my Informal Resolution Request [ ], I "may consider the absence of a response to be a denial at that level," and proceed with this Request for Administrative Remedy, pursuant to 28 CFR § 542.18.
>
> Complaint: I am overdue for release and should be immediately released because my current federal sentence [ ] should be credited with the excess time I served on my prior federal sentence [ ], pursuant to Goldstein v. U.S. Parole Comm'n and Warden, FCI Lompoc, 90 F.Supp. 1505 (C.D. Cal., 1996), as thoroughly set forth in my letter to the Designation and Sentence Computation Center ("DSCC"), dated July 20, 2021 [ ].
>
> I request my sentence be credited pursuant to Goldstein, Supra., and that I be immediately released.

*Id.* at 9.

In his objections, Mr. Werber explains that on January 20, 2022, BOP performed a manual calculation of FSA time credits for him and calculated that he had 76 days of FSA time credits. Dkt. No. 25 at 3, n.3. Mr. Werber also cites to documents attached to his response to Respondent's Motion to Dismiss that show: (1) on February 10, 2022, Mr. Werber asked to be provided his latest sentence computation showing his "'First Step Act' credits, release date, etc." (Dkt. No. 25 at 3, n.3 (citing Dkt. No. 15-1 at 56)); (2) Mr. Werber was informed on February

17, 2022, that "Your original projected release date was: 1/17/23 but with the 76 days of FSA credits it is now: 11/2/22 . . ." (*id.*); (3) on April 10, 2022, Mr. Werber made another request for "a print out of my 'First Step Act' credits" (Dkt. No. 15-1 at 58); and (4) BOP informed Mr. Werber on April 12, 2022, that "[a]ccording to your computation data sheet you had 76 days of FTC applied. Your original PRD was 1/17/23 and now it is 11/2/22 via FSA release." (*id.*). On May 9, 2022, Mr. Werber submitted a grievance requesting immediate release to a residential reentry center placement. Dkt. No. 14-1 at 3, 6. He was transferred to a residential reentry center on June 6, 2022, less than one month later. Dkt. No. 1 ¶ 9.c. Mr. Werber was transferred to home confinement on July 13, 2022. *Id.* ¶ 9.d.

## II.    LEGAL STANDARD

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (stating the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Mr. Werber timely filed objections.

## III.    DISCUSSION

The majority of Mr. Werber's objections detail his dispute with the way BOP calculated his FSA credits and lays out in detail his basis for his calculations. Mr. Werber asserts that if the BOP had properly computed his sentence under the FSA, he would be due 112 days of sentence

credits, so that his term of imprisonment would have ended—and his term of supervised release would have begun—on July 9, 2022. Dkt. No. 25 at 1–2. BOP calculated that Mr. Werber had 76 days of FSA credits (Dkt 14 at 6) and details the factual issues missing from the record to determine the accuracy of Mr. Weber's claim. Dkt. No. 17 at 10. Mr. Werber, as the petitioner, bears the burden of demonstrating that he is entitled to habeas relief under § 2241. *Walker v. Johnston*, 312 U.S.  274, 286-287; *Lambert v. Blodgett*, 393 F.3d 942, 970 n.16 (9th Cir. 2004).

But before getting to the calculation issue, the first hurdle Mr. Werber must clear is whether he exhausted his administrative remedies. "[A]s a prudential matter, [courts require] that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). Where the BOP has jurisdiction to provide time credit, a petitioner must exhaust his administrative remedies pursuant to the BOP procedures found at 28 C.F.R. §§ 542.10–16 prior to filing a habeas petition. *Alexander v. Taylor,* 21 F.3d 1111 (9th Cir. 1994). *See also Pinson v. Von Blanckensee*, No. 21-16138, 2022 WL 2256323, at *1 (9th Cir. June 23, 2022). However, the requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition is not a statutory requirement but, rather, is judicially created. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990). Therefore, the exhaustion requirement is prudential not jurisdictional, and courts have discretion to waive a prudential requirement. *Laing*, 370 F.3d at 998.

Mr. Werber asserts that "the classic case for waiving administrative remedies is when, as here, a release date has passed," citing *Butler v. Bradley*, No. 20-cv-11211, 2021 WL 945252, at *1 (C.D. Cal. Feb. 22, 2021), *report and recommendation adopted*, No. 20-cv-11211, 2021 WL 5596151 (C.D. Cal. Nov. 30, 2021), and *Miller v. Thomas*, 2008 WL 4793035, at *3 (D. Or. Oct. 31, 2008), in support of his argument. Dkt. No. 25 at 7. The R&R explains why *Butler* is

inapplicable.[1] Dkt. No. 24 at 8–9. But in addition, Mr. Butler at least made efforts to exhaust his administrative remedies beginning six months prior to the date he believed he should be released. 2021 WL 945252, at *2.

In contrast, here Mr. Werber made no effort to address the issue with BOP until he filed his habeas petition, several weeks after the date he believed his term of imprisonment should have ended, even though he was on notice of BOP's calculations as early as February 17, 2022 (over four months prior to the date he believed his imprisonment should end).[2] *See supra* § I. Mr. Werber was clearly familiar with the BOP's grievance procedure, knew how to access the procedure, understood the time frames to receive responses, and had successfully utilized the procedure. Yet, he only asked to be provided with the estimated FSA credit computation and did not raise his disagreement with the calculation through the grievance process at all, instead raising his dispute in his Petition for Writ of Habeas Corpus which he filed on August 1, 2022. In assessing whether to waive a prudential exhaustion requirement, whether "'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme' is a key consideration." *Laing*, 370 F.3d at 1000. Allowing a petitioner to sit back, do nothing, and wait until a release date has passed to create a futility argument would encourage the deliberate bypass of the administrative scheme.

Nor does Mr. Werber's argument that FSA credits do not vest until the day of release justify waiving the exhaustion requirement. As the documents attached to Mr. Werber's response

---

[1] The Report and Recommendation also addresses why most of the cases Mr. Werber re-raises in his objection also do not advance his position given the facts in this case. Mr. Werber also raises a new case, *Miller*, in his objection. In *Miller*, the magistrate judge was effectuating the specific intent with regard to Mr. Miller's sentence expressed by the district court judge at his sentencing, 2008 WL 4793035, at *5, a situation that does not apply in this case.

[2] Mr. Werber asserts that he "successfully participated" in programs in 2021 (Dkt. No. 15 at 9), and he should have had 103.5 days of earned time credit by January 20, 2022 (*id.* at 12). But BOP informed him on February 17, 2022, that it believed he had only 76 days of credit.

to Respondent's Motion to Dismiss demonstrate, the calculations are done months in advance, and Mr. Werber was aware of this fact. *See* Dkt. No. 15-1.

Mr. Werber's objections go into more detail about the reasons he believes he should receive the additional FSA time credits. Dkt. No. 25 at 9–23. But the Report and Recommendation ably explained the issues with the factual record. Dkt. No. 24 at 9–12. Further, Mr. Werber's argument that he believes an evidentiary hearing is needed only highlights why administrative remedies must first be exhausted. As the Ninth Circuit stated in *Chua Han Mow v. United States,* 730 F.2d 1308 (9th Cir. 1984):

> In this case, Chua has not exhausted his administrative remedies. The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate can seek formal review of a complaint which relates to any aspect of his imprisonment. 28 C.F.R. §§ 542.10–542.16 (1981). This is exactly the type of case in which exhaustion of administrative remedies should be required. There has not been the development of a factual record which would enable this court to review the Bureau's decision. Chua himself states that there are disputed factual assertions when he argues that there should have been an evidentiary hearing in the court below. The district court properly refused to consider this issue.

730 F.2d at 1313–14. Requiring the exhaustion of remedies aids judicial review by allowing the appropriate development of a factual record in an expert forum. *Id.* at 1313.

Finally, Mr. Werber asserts that he should have been allowed to file a surreply because 28 U.S.C. § 2243 allows a petition to deny any of the facts set forth in the return, and if allegations in a return are not traversed, they are accepted as true pursuant to 28 U.S.C. § 2248. Dkt. No. 25 at 23. However, Mr. Werber filed a response to the return. Dkt. No. 15. Further, Local Civil Rule 7(g) specifies that the purpose of a surreply is "for requests to strike material contained in or attached to a reply brief." The Court finds no error in Judge Vaughan's striking of Mr. Werber's surreply.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby ORDERS that:

(1)  The Court ADOPTS the Report and Recommendation;

(2) Petitioner's objections are OVERRULED;

(3) Petitioner's § 2241 Petition for Writ of Habeas Corpus (Dkt. No. 1) is DENIED without

an evidentiary hearing;

(4) This action is DISMISSED without prejudice; and

(5) The Clerk is directed to send copies of this Order to the parties and to Judge

Vaughan.


Dated this 13th day of June 2023.

Tana Lin
United States District Judge